989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patricia M. McMASTER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3349.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1993.
 
 Before RICH, MAYER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Patricia M. McMaster (McMaster) seeks review of the May 1, 1991 final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. CH08469110082, affirming a reconsideration decision of the Office of Personnel Management (OPM) denying her untimely request to transfer from the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS). We affirm.
 
 DISCUSSION
 
 2
 The Federal Employees Retirement System Act, enacted June 6, 1986, provided a six-month open season from July 1, 1987 through December 31, 1987 for individuals subject to CSRS coverage to transfer to FERS coverage. OPM later authorized a second six-month open season, lasting until June 30, 1988, to allow for belated elections under certain circumstances. An employing agency could accept a belated election under 5 C.F.R. § 204(a) if: (1) the FERS transfer handbook was unavailable during the transfer period; or (2) the individual was unable to elect the FERS for causes beyond his or her control.
 
 
 3
 On October 8, 1987, McMaster elected in writing not to transfer her coverage to FERS. She made this decision after reviewing the information in the FERS Transfer Handbook issued by OPM and an October 2, 1987 Personnel Information Bulletin[1] issued by the Department of Veterans Affairs (DVA), her employer. According to McMaster, "[b]eing a cautious person, not wanting to lose any of my retirement benefits as close to the end of my career, I opted to stay with CSRS."
 
 
 4
 However, on December 5, 1989, seventeen months after the close of the "belated election" period, McMaster submitted an election of FERS coverage. DVA submitted her request to OPM subsequent to which McMaster's request was denied. The Board affirmed OPM's decision in light of McMaster's failure to establish that she qualified under the limited circumstances under which a belated election may be allowed pursuant to 5 C.F.R. § 846.204(a). Among other things, the Board concluded that McMaster was provided with the FERS Transfer Handbook and that, although the uncertainty of the congressional action regarding the PPO exemption made the decision whether to elect FERS coverage more difficult, the situation did not amount to circumstances beyond McMaster's control.
 
 
 5
 This Court's scope of review of an MSPB decision is limited by statute. 5 U.S.C. § 7703(c). The MSPB decision must be affirmed unless it is arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See, Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Finding none of these grounds present here, we affirm.
 
 
 
 [1]
 The personnel bulletin, among other things, informed employees that OPM had advised DVA that there were "strong indications" that an attempt would be made to modify the provisions of the Social Security Public Pension Offset (PPO), that "any change in the offset rules could be retroactive to the beginning of the [FERS] open season," and that "[s]ince the election of FERS coverage is irrevocable, employees who are considering joining FERS to avoid [PPO] may wish to reconsider or defer their election until the later part of the open season by which time this situation may be clarified."